# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE,<br><br>    Plaintiff,<br><br>v.<br><br>MODESTO FINANCE LP,<br><br>    Defendant. | Case No. 1:19-cv-01003-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO COMPLY AND FAILURE TO PROSECUTE<br><br>(ECF Nos. 7, 8)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

## I.

## PROCEDURAL HISTORY

On July 23, 2019, Theresa Brooke ("Plaintiff") filed this action alleging violation of the Americans with Disabilities Act and state law claims. (ECF No. 1.) On August 28, 2019, at Plaintiff's request, default was entered against Modesto Finance LP ("Defendant"). (ECF Nos. 5, 6.) On September 23, 2019, an order issued vacating all dates in the action and ordering Plaintiff to file a motion for default judgment within thirty days. (ECF No. 7.) Plaintiff was advised that the failure to file a motion for default judgment may result in the imposition of sanctions, up to and including dismissal of this action. (Id. at 2.). Plaintiff did not file a motion for default judgment or otherwise respond to the September 23, 2019 order.

On October 29, 2019, an order issued requiring Plaintiff to show cause why this action should not be dismissed for failure to prosecute based on Plaintiff's failure to comply with the September 23, 2019 order. (ECF No. 8.) Plaintiff was advised that failure to show cause would

result in the recommendation that this action be dismissed for failure to prosecute. (Id. at 2.) Again, Plaintiff did not comply or otherwise respond to the October 29, 2019 order.

## II.

## LEGAL STANDARD

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

## III.

## DISCUSSION

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). These factors guide a court in deciding what to do, and are not conditions

2

that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re PPA Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file a motion for default judgment within thirty days of September 23, 2019 and did not comply or otherwise respond to the order. Similarly, Plaintiff was ordered to show cause why this action should not be dismissed for the failure to prosecute due to the failure to file a motion for default judgment within ten days of October 29, 2019. Again, Plaintiff did not comply with or otherwise respond to the Court's order. Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this action towards disposition, and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). This risk of prejudice may be rebutted if Plaintiff offers an excuse for the delay. In re Eisen, 31 F.3d at 1453. Here, Plaintiff has twice failed to respond to the Court's attempts to move this action forward and has not provided any excuse for the lack of compliance. The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This action can proceed no further without Plaintiff's cooperation and compliance with the orders at issue. This action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's September 23, 2019 order requiring Plaintiff to file a motion for default judgment expressly stated: "Failure to file a motion for default judgment in compliance with this order may result in the imposition of

sanctions, up to and including dismissal of this action." (ECF No. 7 at 2.) Further, the October 29, 2019 order advised Plaintiff that "**Plaintiff is forewarned that the failure to show cause will result in recommendation that this action be dismissed for failure to prosecute.** (ECF No. 8 at 2 (emphasis in original). Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's orders.

## IV.
## CONCLUSION AND RECOMMENDATION

Plaintiff has failed to comply with the Court's order to file a motion for default judgment and failed to respond to the order to show cause why this action should not be dismissed for failure to prosecute. Local Rule 110 provides for sanctions for the failure to comply.

In considering the factors to determine if this action should be dismissed, the Court finds that dismissal of this action is an appropriate sanction for Plaintiff's failure to comply.

Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to comply with orders of the court and failure to prosecute.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. **Within fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 13, 2019**

UNITED STATES MAGISTRATE JUDGE